HON. BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WASTE ACTION PROJECT, | Case No. 3:21-cv-05895-BHS |
| Plaintiff, | |
| v. | CONSENT DECREE |
| ASSOCIATED PETROLEUM PRODUCTS INC., | |
| Defendant. | |

# I. STIPULATIONS

WHEREAS, Plaintiff Waste Action Project ("WAP") sent a sixty-day notice of intent to sue letter to Defendant Associated Petroleum Products Inc. ("APP") on or about September 20, 2021, and filed a complaint on December 10, 2021, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 *et seq*., relating to discharges of stormwater from APP's facility in Tacoma, Washington and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs. APP denies these allegations.

WHEREAS, WAP and APP agree that settlement of these matters is in the best interest of

CONSENT DECREE No. 3:21-cv-05895-BHS
1

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

the parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

NOW THEREFORE, WAP and APP stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding WAP's claims or allegations set forth in its complaint and its sixty-day notice.

DATED AND PRESENTED this 16 th day of December, 2022.

| STOEL RIVES LLP | SMITH & LOWNEY, PLLC |
|---|---|
| By s/ Beth S. Ginsberg<br>Veronica M. Keithley, WSBA #52784<br>Beth S. Ginsberg, WSBA #18523<br>*Attorneys for Defendant*<br>*Associated Petroleum Products Inc.* | By s/ Savannah Rose<br>Richard A. Smith, WSBA #21788<br>Savannah Rose, WSBA #57062<br>*Attorneys for Plaintiff*<br>*Waste Action Project* |
| ASSOCIATED PETROLEUM PRODUCTS INC. | WASTE ACTION PROJECT |
| By<br>Ruth Giansante<br>President | By *Greg Wingard*<br>Greg Wingard<br>Executive Director of Waste Action Project |

## II. ORDER AND DECREE

THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. Each signatory for the parties certifies for that party that he or she is authorized to

CONSENT DECREE No. 3:21-cv-05895-BHS
2

SMITH & LOWNEY, PLLC
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

117762649.1 0071683-00003

enter into the agreement set forth herein.

3. This Consent Decree applies to and binds the parties and their successors and assigns.

4. This Consent Decree and any injunctive relief ordered within applies to the operation, oversight, or both by APP of its facility at or about 2320 Milwaukee Way Tacoma, WA 98421 (the "Facility"), which is subject to National Pollutant Discharge Elimination System Permit No. WA0038784 (the "NPDES permit").

5. This Consent Decree is a full and complete settlement and release of all the claims in the complaint and the sixty-day notice and all other claims known or unknown existing as of the date of entry of the Consent Decree that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operation of the Facility. These claims are released and dismissed with prejudice. Enforcement of this Consent Decree is WAP's exclusive remedy for any violation of its terms. WAP will not support by financial assistance, personnel time, or otherwise, other lawsuits or potential lawsuits by WAP's members or other groups or individuals that could be asserted under the Clean Water Act arising from the claims or issues resolved through or connected with this Consent Decree.

6. This Consent Decree is a settlement of disputed facts and law.  It is not an admission or adjudication regarding any allegations by WAP in this case or of any fact or conclusion of law related to those allegations, nor evidence of any wrongdoing or misconduct on the part of APP.

7. APP agrees to the following terms and conditions for the term of the Consent Decree, in full and complete satisfaction of all the claims covered by this Consent Decree:

   a. APP will comply fully with all conditions of the NPDES permit and any

CONSENT DECREE No. 3:21-cv-05895-BHS
3

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

117762649.1 0071683-00003

successor, modified, or replacement permit authorizing discharges of stormwater associated with industrial activity from the Facility.

      b.     For the duration of this Consent Decree, APP will, on a quarterly basis, electronically forward to WAP copies of all communications to and/or from Ecology related to its NPDES permit or stormwater discharges from the Facility.

      c.     APP will make the following amendments to the SWPPP no later than thirty (30) days after the effective date of this Consent Decree, provide WAP with a copy of the amended SWPPP within ten (10) days of amending, and implement and maintain the following BMPs for the life of the Consent Decree:

          i.     Vacuum sweep all hard surfaces of the Facility (and hand sweep any paved surfaces that cannot be reached by a vacuum sweeper) to remove sediment no less frequently than once per month and promptly if there is a significant accumulation of dust, dirt, or debris. For the purposes of this Consent Decree, "promptly" means as soon as reasonably possible but not later than 3 business days after initial observation for vacuum sweeping and within 1 business day for hand sweeping;

          ii.     Commence removal activities of any solid waste on non-paved surfaces as soon as possible but not later than 1 business day after initial observation;

          iii.     Add sorbents and pads to the spill kits;

          iv.     Inspect each catch basin at a minimum of once per month;

          v.     Clean each catch basin at a minimum of twice per year and promptly

CONSENT DECREE No. 3:21-cv-05895-BHS
4

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

117762649.1 0071683-00003

if there is visible debris;

vi. Replace catch basin filter inserts in accordance with Table V-A.18: Maintenance Standards – Catch Basin Inserts of Ecology's Stormwater Management Manual for Western Washington;

vii. Conduct the regular wet season and dry season inspections as described in permit Condition S8.B;

viii. Conduct a Plan Evaluation as described in permit Condition S8.C; and

ix. Update the site map to accurately show where each catch basin drains.

d. As soon as practical and not later than 30 days after the entry of this Consent Decree, APP will identify and propose an enhanced catch basin filter insert for use in the catch basin by the loading dock that is not currently connected to the treatment system ("CB #3"). WAP will promptly review and provide comments on the catch basin filter insert selection within ten (10) days of APP's proposal. APP will respond to WAP's comments within ten (10) days.  As soon as reasonably possible and no later than ninety (90) days of APP's response to WAP's comments, APP will install the selected catch basin filter insert in CB #3.

e. Beginning in the first full month following the installation of the catch basin filter insert in CB #3, and on a monthly basis thereafter for a total of up to twelve (12) months, APP will sample and analyze the stormwater in CB #3 for the following parameters using methods consistent with those identified in permit Condition S1.A: oil and grease,

CONSENT DECREE No. 3:21-cv-05895-BHS
5

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

117762649.1 0071683-00003

total suspended solids (TSS), BTEX, NWTPH-Gx, TPH-Dx, benzene, copper, zinc, and pH.

f.  APP shall average the sample results for the first three months of sampling and for each three-month period thereafter (each a "Sampling Quarter"). The averages shall not be calculated as rolling monthly averages. If the sample result averages from CB #3 exceed the effluent limitation for any parameter identified in permit Condition S1.A in any two Sampling Quarters during the term of sampling, APP must either:

i.  Submit a feasibility study to Ecology within sixty (60) days of receiving these results. The feasibility study will analyze the potential treatment options for the stormwater from CB #3, including the possibility of connecting CB #3 to the treatment system; or

ii.  Work with Ecology directly to determine the practicable treatment for the stormwater from CB #3, including whether it would be practicable to connect it to the existing treatment system.

If, however, the sample result averages from CB #3 do not exceed the effluent limitations identified above for any parameter in any two Sampling Quarters, the obligations in 7(f) are deemed to be fulfilled.

g.  APP must notify WAP within thirty (30) days after receiving the results that trigger an event in paragraph 7(f) whether it intends to submit a feasibility study or work with Ecology directly.

h.  Solely for the purpose of collecting information useful to determining if the stormwater from the roof down spout currently connected to treatment could be routed away from the treatment system and to evaluate whether it is practicable for stormwater from CB

CONSENT DECREE No. 3:21-cv-05895-BHS
6

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

117762649.1 0071683-00003

#3 to be routed to the existing treatment system, beginning immediately upon the effective date of this Consent Decree, and on a monthly basis thereafter for a total of twelve (12) months, APP will sample and analyze the stormwater from the roof downspout currently connected to the treatment system for the following parameters in a manner consistent with the methods required by Condition S1.A: oil and grease, total suspended solids (TSS), copper, zinc, and pH. The roof monitoring data collected pursuant to this paragraph shall not be used for any other purpose, including but not limited to establishing APP's compliance with the NPDES permit.

8. Not later than thirty (30) days after the effective date of this Consent Decree, APP will pay $2,500 (TWO THOUSAND AND FIVE HUNDRED DOLLARS) to cover the costs of WAP's reasonable fees for monitoring of compliance with this Consent Decree and possible expert review of the feasibility study and treatment option. Payment will be made by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard Smith. These funds will be kept in Smith and Lowney's trust account and any funds not spent will be returned to APP at the termination of the Consent Decree with an accounting of the costs and fees incurred for monitoring compliance with this Consent Decree.

9. Within thirty (30) days of the effective date of this Consent Decree, APP will pay $150,000 (ONE HUNDRED AND FIFTY THOUSAND DOLLARS) to the EarthCorps for projects to address impairments to, and contribute to the improvement of, the water quality of the Blair Waterway, Commencement Bay, and/or the lower Puget Sound, as described in Exhibit 1 to this Consent Decree. The check will be made to the order of the EarthCorps and delivered to:

EarthCorps
6310 NE 74th St

CONSENT DECREE No. 3:21-cv-05895-BHS
7

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

117762649.1 0071683-00003

Seattle, WA 98115

Payment will include the following reference in a cover letter or on the check: "Consent Decree, Waste Action Project v. Associated Petroleum Products Inc., W.D. Wash. No. 3:21-cv-05895-BHS." A copy of the checks and cover letters, if any, will be sent simultaneously to WAP and its counsel.

10. Within thirty (30) days of the effective date of this Consent Decree, APP will pay $63,000 (SIXTY-THREE THOUSAND DOLLARS) for settlement of WAP's litigation fees, expenses, and costs (including reasonable attorney and expert witness fees) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard Smith. APP's payment will be in full and complete satisfaction of any claims WAP has or may have, either legal or equitable, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in the Litigation.

11. A force majeure event is any event outside the reasonable control of APP that causes a delay in performing tasks required by this Consent Decree that cannot be cured by due diligence. Delay in performance of a task required by this Consent Decree caused by a force majeure event is not a failure to comply with the terms of this Consent Decree, provided that APP timely notifies WAP of the event; the steps that APP will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

12. APP will notify WAP of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen (15) days after APP becomes aware of the

CONSENT DECREE No. 3:21-cv-05895-BHS
8

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

117762649.1 0071683-00003

event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include:

    a.    Acts of God, war, insurrection, or civil disturbance;

    b.    Earthquakes, landslides, fire, floods;

    c.    Actions or inactions of third parties over which defendant has no control;

    d.    Unusually adverse weather conditions;

    e.    Restraint by court order or order of public authority;

    f.    Strikes;

    g.    Any permit or other approval sought by APP from a government authority to implement any of the actions required by this Consent Decree where such approval is not granted or is delayed, and where APP has timely and in good faith sought the permit or approval;

    h.    Litigation, arbitration, or mediation that causes delay;

    i.    Epidemics and pandemics, including but not limited to COVID-19 related delays; and

    j.    Supply chain issues or delays.

13.    This Court retains jurisdiction over this matter while this Consent Decree remains in force. And, while this Consent Decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree. In the event of a dispute regarding implementation of, or compliance with,

CONSENT DECREE No. 3:21-cv-05895-BHS
9

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

117762649.1 0071683-00003

this Consent Decree, the parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting should be held as soon as practical but must be held within thirty (30) days after notice of a request for such a meeting to the other party and its counsel of record. If no resolution is reached at that meeting or within thirty (30) days of the Notice, either party may file a motion with this Court to resolve the dispute. The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply to any proceedings seeking to enforce the terms and conditions of this Consent Decree.

14. The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA. Therefore, upon the filing of this Consent Decree by the parties, WAP will serve copies of it upon the Administrator of the U.S. EPA and the Attorney General.

15. This Consent Decree will take effect upon entry by this Court. It terminates on the earlier of 18 months from the effective date of the consent decree or fulfillment of the obligations under 7(e) and (f) (if triggered).

16. Both parties have participated in drafting this Consent Decree.

17. This Consent Decree constitutes the entire agreement between the parties. There are no other or further agreements, either written or verbal. This Consent Decree may be modified only upon a writing signed by both parties and the approval of the Court.

CONSENT DECREE No. 3:21-cv-05895-BHS
10

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

117762649.1 0071683-00003

18. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The parties agree to continue negotiations in good faith to cure any objection raised by the Court to entry of this Consent Decree.

19. Notifications required by this Consent Decree must be in writing by email. For a notice or other communication regarding this Consent Decree to be valid, it must be delivered to the email addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph 19.

**If to WAP**:

Greg Wingard
Email: gregWAP@earthlink.net

**And to**:

Richard A. Smith
Savannah Rose
Email: richard@smithandlowney.com, savannah@smithandlowney.com

**If to APP:**

Samir Patel
Email: SamPatel@wfscorp.com

**And to:**

Beth S. Ginsberg
Veronica M. Keithley
Email: beth.ginsberg@stoel.com, veronica.keithley@stoel.com

A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next

CONSENT DECREE No. 3:21-cv-05895-BHS
11

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

117762649.1 0071683-00003

1  business day. A notice or other communication will be deemed to have been received upon receipt

2  of a response by the party providing notice or other communication regarding this Consent Decree.

3

4

5      DATED this 6th day of February, 2023.

6

7

8                          HON. BENJAMIN H. SETTLE
                        UNITED STATES DISTRICT JUDGE

CONSENT DECREE No. 3:21-cv-05895-BHS
12

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

117762649.1 0071683-00003

# Exhibit 1



November 14, 2022

RE:  Waste Action Project v. Associated Petroleum Products

To Whom It May Concern:

This letter is intended to provide assurance that I have received the Consent Decree between Waste Action Project and Associated Petroleum Products, Inc. ("APP") and that I am authorized by my Board of Directors to make the following binding commitments on behalf of EarthCorps:

1. I understand that EarthCorps should receive funds from APP as specified in the Consent Decree.
2. EarthCorps shall only use these APP funds for environmentally beneficial projects which benefit the lands and waters of Puget Sound. We shall expend these funds working with partners wholly dedicated to supporting projects which benefit the water/sediment quality of lower Puget Sound including Blair Waterway and Commencement Bay specifically, while also including the Puyallup and White Rivers in the targeted areas.
3. Due to the location of APP near Wapato Creek, Hylebos, and Tideflats watersheds, EarthCorps shall target the funds towards projects located in or benefitting those watersheds. Furthermore, EarthCorps shall work with community partners to select projects that benefit not only the watersheds, but also neighborhoods and communities impacted by environmental degradation in the area.
4. After funds have been disbursed, EarthCorps shall send a report to the Justice Department, the Court and the Parties describing how the funds were utilized and demonstrating conformance with the nexus of the Consent Decree.

EarthCorps is a community-based 501(c)3 nonprofit (Tax ID 91-1592017) organization dedicated to protecting and restoring local watershed lands.  EarthCorps' mission is to cultivate leaders and community partnerships to advance environmental justice.  To fulfill this mission, EarthCorps raises money and secures funding to conduct the following activities:

- Implement habitat restoration and stewardship projects.  Primary activities by EarthCorps have focused on invasive plant removal and installation of native plants and creation and stewardship of green stormwater infrastructure.
- Engage youth and community volunteers in hands-on stewardship.
- Train young adults for stewardship careers.
- Partner with government, nonprofit, and community organizations in carrying out our charitable purpose.
- EarthCorps does not support lobbying activities that are prohibited by Section 501(c)(3) of the IRS Code, and no portion of the APP funds shall be used to support any political lobbying activities whatsoever.

EarthCorps is governed by a Board of Directors.  EarthCorps is committed to sound fiscal management.  EarthCorps contracts with an independent certified public accounting firm to conduct an audit annually.   Please do not hesitate to contact me with questions or for additional information.

Sincerely,

Evlyn Andrade
Executive Director

**LOCAL RESTORATION  |  GLOBAL LEADERSHIP**

6310 NE 74th Street, Suite 201E Seattle, WA 98115 *phone* 206.322.9296 *fax* 206.322.9312 *www.earthcorps.org*